**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| **USA WASTE AND RECYCLING, INC.**<br><br>**and**<br><br>**AMERICAN LAND RESERVE, LLC**<br><br>**Plaintiffs**,<br><br>**vs.**<br><br>**PIKE COUNTY, KENTUCKY**<br>Serve: Ray S. Jones, II<br>Pike County Judge/Executive<br>Pike County Courthouse<br>146 Main Street<br>Pikeville, KY 41501<br><br>**PIKE COUNTY FISCAL COURT**<br>Serve: Ray S. Jones, II<br>Pike County Judge/Executive<br>Pike County Courthouse<br>146 Main Street<br>Pikeville, KY 41501<br><br>**Defendants**. | ) | Case No. ____________ |

**COMPLAINT AND JURY DEMAND**

Come Plaintiffs, USA Waste and Recycling, Inc. ("USA") and American Land Reserve, LLC ("American Land Reserve"), by counsel, and for their Complaint and Jury Demand (the "Complaint") against Defendants, Pike County, Kentucky ("Pike County") and Pike County Fiscal Court (the "Pike County Fiscal Court") (Pike County and the Pike County Fiscal Court being collectively referenced herein as the "Pike County Defendants"), state as follows:

## I. INTRODUCTION

1. This action arises from a solid waste franchise (the "Franchise"), which the Pike County Fiscal Court unanimously awarded to USA on October 21, 2025 (*See* Pike County Fiscal Court Order Number 10.21.25.013; attached hereto as **Exhibit 1**).

2. The Franchise authorizes Plaintiffs "to construct and operate a privately owned solid waste landfill that will accept Pike County municipal solid waste at favorable term financial considerations to [Pike] County … along with other waste lawfully disposed in the landfill" (the "Franchise"). *See* Request for Proposal for Host Community Agreement, Pike County, Kentucky," as advertised in the October 14–16 edition of the Appalachian News-Express (the "Request for Proposal"; attached hereto as **Exhibit 2**).

3. The Franchise is implemented and governed by the terms and conditions set forth in a subsequently-negotiated, separate, and independent contract between the Pike County Fiscal Court and American Land Reserve, an affiliate of USA (the "Host Community Agreement"; attached hereto as **Exhibit 3**). The Host Community Agreement's terms and conditions include specific duties and obligations which the Pike County Fiscal Court must perform in order to enable American Land Reserve's development, permitting, construction, and operation of the new private landfill which was advertised in the Request for Proposal as the object of the Franchise (the "Landfill Project").

4. Without any authority or justification, the Pike County Fiscal Court voted 3–1 to "rescind" the Host Community Agreement on February 24, 2026 and/or March 3, 2026; thereby forever repudiating the Pike County Defendants' obligations thereunder. In so doing, the Pike County Defendants fully deprived Plaintiffs of their use and enjoyment of the Franchise; thereby depriving Plaintiffs of their property without just compensation or due process of law in violation

of the 5th and 14th amendments to the United States Constitution and §§ 2, 13, and 242 of the Kentucky Constitution.

5. By voting to "rescind" the Host Community Agreement, the Pike County Defendants illegally attempted to revoke the Franchise, and thereby impaired the obligations of contracts in violation of Article 1, § 10 of the United States Constitution and § 19 of the Kentucky Constitution.

## II. PARTIES

6. USA is a Connecticut corporation, with its principal office being located at 555 Taylor Road, Enfield, CT 06082.

7. American Land Reserve is a Kentucky limited liability company, with its principal office being located at 555 Taylor Road, Enfield, CT 06082.

8. Pike County is a political subdivision of the Commonwealth of Kentucky which is a quasi-municipal corporation that is suable for declaratory and injunctive relief without the necessity of any waiver of sovereign immunity.

9. The Pike County Fiscal Court is an administrative and legislative body created by § 144 of the Kentucky Constitution, which possesses the powers specifically granted by statute to govern and manage the operations, business, and affairs of Pike County. The Pike County Fiscal Court is comprised of the Pike County Judge Executive and three (3) commissioners "elected by the voters of the entire county" from three separate districts "as nearly equal in population as practicable" *See* KRS 67.040(1) and KRS 67.060(1).

## III. JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has subject matter jurisdiction over the claims herein which arise under the Constitution and laws of the United States;

particularly 42 U.S.C. § 1983.

11. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims herein that arise under Kentucky law, because such claims form part of the same case or controversy as the claims herein which arise under federal law.

12. Pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), venue is appropriate in this court because (i) all Defendants herein are residents of the Commonwealth of Kentucky and at least one Defendant herein resides within the Eastern District of Kentucky, (ii) a substantial part of the events or omissions which gave rise to Plaintiffs' claims herein occurred within the Eastern District of Kentucky, and (iii) the Franchise which is the subject of this action is situated within the Eastern District of Kentucky.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

13. On October 7, 2025, the Pike County Fiscal Court voted unanimously to issue the Request for Proposal. *See* Pike County Fiscal Court Order Number 10.07.25.010 and text of the Request for Proposal (as appended to the minutes of the Regular Meeting of the Pike County Fiscal Court on October 7, 2025; attached hereto as **Exhibit 4**).

14. The Request for Proposal solicited proposals on behalf of Pike County:

> [F]rom qualified individuals and organizations to construct and operate a privately owned solid waste landfill that will accept Pike County municipal solid waste at favorable term financial considerations to the County pursuant to the terms of any subsequent host community agreement as best meets the scope and terms provided herein below.

15. On October 21, 2025, USA responded to the Request for Proposal by submitting a formal proposal ("USA's Bid"; attached hereto as **Exhibit 5**), which reflected the terms and complied with the instructions set forth in the Request for Proposal.

16. USA's Bid proposed and envisioned, *inter alia*,

(i) That the term for the Host Community Agreement and thus, the Franchise, would be "20 years, or the maximum term allowed under then existing KY law." *See* USA's Bid at p. 2.

(ii) The formation of "a new entity, [American Land Reserve[1]], to enter into a host community and waste management services agreement with Pike County, Kentucky." *See* USA's Bid at p. 1.

(iii) That in fulfillment of the stated objectives of the Franchise, as advertised in the Request for Proposal American Land Reserve would construct, own, and operate a new landfill in Pike County (the "New Landfill") that would "accept for disposal all municipal solid waste delivered to the [New Landfill] by or on behalf of the County and, potentially if requested and through separate agreement, the City of Pikeville … at *no cost* to the County or the City." *Id.* (emphasis in original). *See* USA's Bid at p. 2.

(iv) That the Pike County Fiscal Court would perform the ministerial function of amending the Pike County Solid Waste Management Plan (the "PCSWMP") so as to authorize American Land Reserve's "construction and operation of [the New Landfill] as permitted by the Commonwealth of Kentucky," which would "[a]llow for the acceptance and disposal of waste generated both in-county and out-of-county," in conformity and fulfillment of the terms and conditions set forth in the Request for Proposal, as advertised. *Id.*

17. On October 21, 2025, the Pike County Fiscal Court voted unanimously (i) to accept USA's Bid, and (ii) to authorize Pike County Judge/Executive Ray S. Jones, II ("Judge Jones") "to enter into the negotiation of a proposed Host [Community] Agreement with [USA] and the McBrayer Law Firm." *See* Exhibit 1 attached hereto.

18. By accepting USA's Bid without exception or reservation as set forth in Pike County Fiscal Court Order Number 10.21.25.013, the Pike County Fiscal Court awarded the Franchise to USA, and the Pike County Fiscal Court agreed that i) American Land Reserve would construct, own, and operate the New Landfill on behalf of USA, and (ii) the New Landfill would accept waste from both in-county and out-of-county sources.

[1] At the time USA and its affiliates submitted USA's Bid, American Land Reserve had yet to be formed; such that USA's Bid refers to the entity that would become American Land Reserve as "NewCo."

19. Reasonably relying upon the Pike County Fiscal Court's award of the Franchise to USA on October 21, 2025, Plaintiffs incurred costs and expenses which exceeded $2,100,000.00 which included, without limitation:

(i) Options for the purchase of the land necessary for the construction and operation of the New Landfill at a total cost of $1,000,000;

(ii) Consulting and engineering fees in the total amount of $1,095,835; and

(iii) Legal fees in the total amount of $13,081.

20. The Pike County Fiscal Court voted unanimously to approve the Host Community Agreement on January 29, 2025 (*See* Pike County Fiscal Court Order Number 01.29.26.007; attached hereto as **Exhibit 6**), and Jones executed the Host Community Agreement on behalf of the Pike County Fiscal Court that same day. Guy G. Antonacci executed the Host Community Agreement on behalf of American Land Reserve on February 10, 2026.

21. As the original awardee of the Franchise, USA is the intended third-party beneficiary of the Host Community Agreement.

22. The Host Community Agreement implements the Franchise by, *inter alia*:

(i) Providing the terms and conditions which govern American Land Reserve's use and exercise of the Franchise;

(ii) Articulating the exclusive conditions under which the Pike County Fiscal Court may terminate the Host Community Agreement, and thereby effect Plaintiffs' forfeiture of the Franchise; and

(iii) Imposing specific obligations on the Pike County Defendants; the performance of which are necessary and essential to Plaintiffs' economically beneficial and productive use of the Franchise, which include, without limitation,

a. The Pike County Fiscal Court's amendment of the PCSWMP by April 1, 2026 to authorize and enable the construction and operation of the New Landfill. *See* Host Community Agreement at § 3.02(d).

b. The Pike County Defendants' agreement not to "revise or further amend the" PCSWMP "to in any way limit, restrict, or impair the operations of the [New Landfill], the methodology of transport of materials to the [New Landfill] site, or the types, origins, or nature of material that is received, accepted and disposed at the [New Landfill]. *See* Host Community Agreement at § 6.02.

c. The Pike County Defendants' agreement to "cooperate [with American Land Reserve] in good faith and use commercially reasonable efforts to obtain" the permitting and other regulatory approvals required at any level of government in order for Plaintiffs to develop, construct, and operate the New Landfill. *See* Host Community Agreement at §§ 3.01(b)(v), 1.01(qq).

d. The Pike County Defendants' agreement to "cooperate [with American Land Reserve] in good faith and use commercially reasonable efforts to facilitate [American Land Reserve's] negotiations with rail carriers." *See* Host Community Agreement at §§ 3.01(c)(iv).

23. On February 24, 2026, the Pike County Fiscal Court voted 3–1 to "rescind" the Host Community Agreement. *See* Excerpt from the Minutes of the Pike County Fiscal Court Special Meeting on February 24, 2026, referring to Pike County Fiscal Court Order Number 02.24.26.003 (attached hereto as **<u>Exhibit 7</u>**).

24. On March 3, 2026, the Pike County Fiscal Court again voted 3–1 to "rescind" the Host Community Agreement. *See* Pike County Fiscal Court Order Number 03.03.26.005 (attached hereto as **<u>Exhibit 8</u>**).

25. The Pike County Fiscal Court did not provide USA or American Land Reserve any opportunity to appear or speak before the Pike County Fiscal Court before voting to "rescind" the Host Community Agreement on either February 24, 2026 or March 3, 2026.

26. By voting to "rescind" the Host Community Agreement, the Pike County Defendants repudiated all the Pike County Defendants' obligations to Plaintiffs thereunder.

27. By voting to "rescind" the Host Community Agreement, the Pike County Fiscal

Court sought to revoke the Franchise.

28. Having repudiated all the Pike County Defendants' obligations to Plaintiffs under the Host Community Agreement and having attempted to revoke the Franchise, the Pike County Fiscal Court subsequently failed and refused to perform its duties under the Host Community Agreement which included, without limitation, the amendment of the PCSWMP by April 1, 2026 as required by § 3.02(d)(i) of the Host Community Agreement; thereby irreparably compromising the construction and economic viability of the New Landfill and permanently preventing Plaintiffs' use and enjoyment of the Franchise, so as to cause Plaintiffs to incur unnecessary trouble and expense.

**COUNT I**
**TAKING WITHOUT JUST COMPENSATION: 42 U.S.C. §1983**
**(Pike County Defendants)**

29. The Pike County Fiscal Court awarded the Franchise to USA on October 21, 2026, having duly advertised the Franchise through the Request for Proposal; having properly exercised its discretion in selecting USA as the "highest and best bidder"; and having otherwise fully complied with self-executing provisions of § 164 of the Kentucky Constitution.

30. A franchise duly created, advertised, and awarded in compliance with the self-executing provisions of § 164 of the Kentucky Constitution fully vests a property interest in the awardee of that franchise under Kentucky law.

31. By reason of the Pike County Fiscal Court's full compliance with the self-executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA, and by further reason of USA's status as the intended third-party beneficiary of the Host Community Agreement, USA has a cognizable property interest in the Franchise.

32. By reason of (i) the Pike County Fiscal Court's full compliance with the self-

executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA and (ii) the Pike County Fiscal Court's consent to USA's assignment and/or transfer of some or all of its interest in the Franchise to American Land Reserve, American Land Reserve has a cognizable property interest in the Franchise.

33. The bundle of rights that USA received through the Pike County Fiscal Court's award of the Franchise, some or all of which USA transferred and/or assigned to American Land Reserve with the Pike County Fiscal Court's consent included the right and privilege to construct and operate the New Landfill for twenty years from the date on which the Pike County Fiscal Court granted the Franchise; provided that American Land Reserve complied with the terms and conditions set forth in the Host Community Agreement (which incorporated the necessary and appropriate references to the New Landfill's mandatory compliance with permitting requirements and other applicable laws and regulations).

34. American Land Reserve had complied, and continued to comply, with all of the terms and conditions set forth in the Host Community Agreement when the Pike County Fiscal Court repudiated the Host Community Agreement, and thereby attempted to revoke the Franchise.

35. Through the Pike County Defendants' purported rescission of the Host Community Agreement, attempted revocation of the Franchise, and repudiation of all the Pike County Defendants' obligations under the Host Community Agreement, the Pike County Defendants have prevented American Land Reserve from proceeding with the development, permitting, construction, and operation of the New Landfill, and have thereby denied Plaintiffs all economically beneficial or productive use of the franchise. Such conduct constitutes a "taking" under the 5th and 14th amendments to the United States Constitution.

36. The Pike County Defendants did not pay Plaintiffs just compensation before taking

the Franchise, in violation of the 5th and 14th amendments to the United States Constitution.

37. The Pike County Defendants violated Plaintiffs' rights under the 5th and 14th amendments to the United States Constitution while acting under color of law, and thereby deprived Plaintiffs of their respective rights, privileges, and immunities guaranteed by the United States Constitution. The Pike County Defendants are thus liable to Plaintiffs under 42 U.S.C. § 1983.

38. As a direct and proximate result of the Pike County Defendants' violations of Plaintiffs' rights under the 5th and 14th amendments to the United States Constitution, Plaintiffs suffered the total loss of the Franchise, and Plaintiffs are thus entitled to recover from the Pike County Defendants, jointly and severally, an amount equal to the fair market value of the Franchise on February 24, 2026, plus consequential and incidental damages, together with pre-judgment and post-judgment interest thereon.

39. On February 24, 2026, the Franchise had a fair market value of no less than $20 million dollars.

40. Even if the Pike County Defendants immediately cease their interference with Plaintiffs' property rights in the Franchise, the Pike County Defendants' actions and omissions to date constitute a temporary taking of Plaintiffs' property rights in the Franchise which has already significantly devalued the Franchise while substantially interfering with Plaintiffs' distinct investment-backed expectations therein.

41. In the event the Pike County Defendants are liable hereunder for a temporary taking, Plaintiffs will be entitled to recover from the Pike County Defendants the value of the Pike County Defendants' use of the Franchise during their temporary taking of the Franchise, plus consequential and incidental damages, together with pre-judgment and post-judgment interest

thereon.

42. Under the circumstances of this case, the value of the Pike County Defendants' use of the Franchise during their temporary taking of the Franchise equals the difference between the fair market value of the Franchise on the date the Pike County Defendants cease their interference with Plaintiffs' property rights in the Franchise, and the fair market value of the Franchise on February 24, 2026.

43. Pursuant to 42 U.S.C. § 1988 and applicable law, Plaintiffs are entitled to their reasonable attorney's fees as part of the costs incurred herein.

**COUNT II**
**INVERSE CONDEMNATION: §§ 13 AND 242 OF THE KENTUCKY CONSTITUTION**
**(Pike County Defendants)**

44. The Pike County Fiscal Court awarded the Franchise to USA on October 21, 2026, having duly advertised the Franchise through the Request for Proposal; having properly exercised its discretion in selecting USA as the "highest and best bidder"; and having otherwise fully complied with self-executing provisions of § 164 of the Kentucky Constitution.

45. A franchise duly created, advertised, and awarded in compliance with the self-executing provisions of § 164 of the Kentucky Constitution fully vests a property interest in the awardee of that franchise under Kentucky law.

46. By reason of the Pike County Fiscal Court's full compliance with the self-executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA, and by further reason of USA's status as the intended third-party beneficiary of the Host Community Agreement, USA has a cognizable property interest in the Franchise.

47. By reason of (i) the Pike County Fiscal Court's full compliance with the self-executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA and

(ii) the Pike County Fiscal Court's consent to USA's assignment and/or transfer of some or all of its interest in the Franchise to American Land Reserve, American Land Reserve has a cognizable property interest in the Franchise.

48. The bundle of rights that USA received through the Pike County Fiscal Court's award of the Franchise, some or all of which USA transferred and/or assigned to American Land Reserve with the Pike County Fiscal Court's consent, included the right and privilege to construct and operate the New Landfill for twenty years from the date on which the Pike County Fiscal Court granted the Franchise provided that American Land Reserve complied with the terms and conditions set forth in the Host Community Agreement (which incorporated the necessary and appropriate references to the New Landfill's mandatory compliance with permitting requirements and other applicable laws and regulations).

49. American Land Reserve had complied, and continued to comply, with all the terms and conditions set forth in the Host Community Agreement when the Pike County Fiscal Court repudiated the Host Community Agreement and thereby attempted to revoke the Franchise.

50. Through the Pike County Defendants' purported rescission of the Host Community Agreement, attempted revocation of the Franchise, and repudiation of all the Pike County Defendants' obligations under the Host Community Agreement, the Pike County Defendants have prevented American Land Reserve from proceeding with the development, permitting, construction, and operation of the New Landfill, and have thereby denied Plaintiffs all economically beneficial or productive use of the franchise. Such conduct constitutes a "taking" under the meaning of §§ 13 and 242 of the Kentucky Constitution.

51. The Pike County Defendants did not pay Plaintiffs just compensation before taking the Franchise, in violation of §§ 13 and 242 of the Kentucky Constitution.

52. As a direct and proximate result of the Pike County Defendants' violations of Plaintiffs' rights under §§ 13 and 242 of the Kentucky Constitution, Plaintiffs suffered the total loss of the Franchise, and Plaintiffs are thus entitled to recover from the Pike County Defendants, jointly and severally, an amount equal to the fair market value of the Franchise on February 24, 2026, plus consequential and incidental damages, together with pre-judgment and post-judgment interest thereon.

53. On February 24, 2026, the Franchise had a fair market value of no less than $20 million dollars.

54. Even if the Pike County Defendants immediately ceased their interference with Plaintiffs' property rights in the Franchise, the Pike County Defendants' actions and omissions to date have already injured and damaged the Franchise under the meaning of § 242 of the Kentucky Constitution by significantly diminishing its value while substantially interfering with Plaintiffs' distinct investment-backed expectations therein.

55. Accordingly, in the event the Pike County Defendants immediately cease their interference with Plaintiffs' property rights in the Franchise, the Pike County Defendants are liable hereunder for their injuries and damages to the Franchise, plus consequential and incidental damages, together with pre-judgment and post-judgment interest thereon.

## COUNT III
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS: 42 U.S.C. §1983
## (Pike County Defendants)

56. The Pike County Fiscal Court awarded the Franchise to USA on October 21, 2025, having duly advertised the Franchise through the Request for Proposal; having properly exercised its discretion in selecting USA as the "highest and best bidder"; and having otherwise fully complied with self-executing provisions of § 164 of the Kentucky Constitution.

57. A franchise duly created, advertised, and awarded in compliance with the self-executing provisions of § 164 of the Kentucky Constitution fully vests a property interest in the awardee of that franchise under Kentucky law.

58. By reason of the Pike County Fiscal Court's full compliance with the self-executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA, and by further reason of USA's status as the intended third-party beneficiary of the Host Community Agreement, USA has a cognizable property interest in the Franchise.

59. By reason of (i) the Pike County Fiscal Court's full compliance with the self-executing provisions of § 164 of the Kentucky Constitution in awarding the Franchise to USA and (ii) the Pike County Fiscal Court's consent to USA's assignment and/or transfer of some or all of its interest in the Franchise to American Land Reserve, American Land Reserve has a cognizable property interest in the Franchise.

60. The bundle of rights that USA received through the Pike County Fiscal Court's award of the Franchise, some or all of which USA transferred and/or assigned to American Land Reserve with the Pike County Fiscal Court's consent, included the right and privilege to construct and operate the New Landfill for twenty years from the date on which the Pike County Fiscal Court granted the Franchise; provided that American Land Reserve complied with the terms and conditions set forth in the Host Community Agreement (which incorporated the necessary and appropriate references to the New Landfill's mandatory compliance with permitting requirements and other applicable laws and regulations).

61. American Land Reserve had complied, and continued to comply, with all of the terms and conditions set forth in the Host Community Agreement when the Pike County Fiscal Court repudiated the Host Community Agreement, and thereby attempted to revoke the Franchise.

62. To ensure that American Land Reserve could successfully use and enjoy its rights and privileges under the Franchise, the Host Community Agreement imposed the obligations upon the Pike County Defendants as set forth in ¶ 22 herein, which are ministerial duties that the Pike County Defendants do not have the discretion to disregard, avoid, ignore, or repudiate.

63. Plaintiffs have a legitimate claim of entitlement to the Pike County Defendants' prompt and timely performance of their ministerial duties under the Host Community Agreement as set forth in ¶ 22 herein, and said legitimate claim of entitlement arises pursuant to Plaintiffs' property rights in the Franchise, as conferred by § 164 of the Kentucky Constitution.

64. By repudiating the Pike County Fiscal Court's obligations to Plaintiffs under the Host Community Agreement and by subsequently failing to meet the critical April 1, 2026 deadline for the amendment of the PCSWMP, the Pike County Defendants denied Plaintiffs their substantive due process rights in violation of the 14th Amendment to the United States Constitution.

65. Further, by failing to provide Plaintiffs with any opportunity to appear and be heard before the Pike County Fiscal Court before the Pike County Fiscal Court voted to rescind the Host Community Agreement on February 24, 2025, the Pike County Defendants denied Plaintiffs their procedural due process rights in violation of the 14th Amendment to the United States Constitution.

66. The Pike County Defendants violated Plaintiffs' rights under the 14th Amendment to the United States Constitution while acting under color of law, and thereby deprived Plaintiffs of their respective rights, privileges, and immunities guaranteed by the United States Constitution. The Pike County Defendants are thus liable to Plaintiffs under 42 U.S.C. § 1983.

67. Because the source of Plaintiffs' legitimate claim of entitlement to the Pike County Defendants' prompt and timely performance of their ministerial duties under the Host Community Agreement as set forth in ¶ 22 herein arises from Plaintiffs' property right in the Franchise, as

granted by the Kentucky Constitution, a breach of contract action in a Kentucky court would not provide Plaintiffs with a sufficient remedy under the circumstances.

68. Pursuant to 42 U.S.C. § 1988 and applicable law, Plaintiffs are entitled to their reasonable attorney's fees as part of the costs incurred herein.

**COUNT IV**
**DECLARATORY JUDGMENT**
**(Pike County Defendants)**

69. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201 regarding whether the Pike County Defendants impaired the obligations of contracts in violation of Article 1, § 10 of the United States Constitution and § 19 of the Kentucky Constitution by reason of the actions of Pike County, acting by and through the Pike County Fiscal Court, purporting to rescind the Host Community Agreement and thereby attempting to revoke the Franchise.

70. By reason of the Pike County Fiscal Court's award of the Franchise on October 21, 2025, USA and its affiliates, including American Land Reserve, became vested with valuable contract and property rights which the Pike County Defendants may not unilaterally amend, deny, rescind, or revoke.

71. The Pike County Defendants' purported rescission of the Host Community Agreement and attempted revocation of the Franchise violated Article 1, § 10 of the United States Constitution and § 19 of the Kentucky Constitution, because the Pike County Defendants' actions:

(i) Substantially impaired multiple contractual relationships;

(ii) Cannot be justified by any significant and legitimate public purpose; and

(iii) Were and are not permissible as:

a. A legitimate exercise of Pike County's sovereign powers;

b. Necessary to achieve any important public purpose; nor

c. Reasonable in light of changed circumstances.

72. USA and American Land Reserve are thus entitled to the Court's declaration pursuant to 28 U.S.C. § 2201 that the Pike County Defendants' purported rescission of the Host Community Agreement and attempted revocation of the Franchise impaired the obligations of contracts in violation of Article 1, § 10 of the United States Constitution and § 19 of the Kentucky Constitution.

73. Pursuant to 28 U.S.C. § 2202, the Court may grant the Plaintiffs further necessary and proper relief against the Pike County Defendants, including, without limitation, injunctive relief, after reasonable notice and a hearing.

**COUNT V**
**BREACH OF HOST COMMUNITY AGREEMENT**
**(Pike County Defendants)**

74. The Host Community Agreement is an enforceable contract between American Land Reserve and the Pike County Fiscal Court.

75. As the original awardee of the Franchise, USA is the intended third-party beneficiary of the Host Community Agreement.

76. On February 24, 2026 and March 3, 2025, the Pike County Fiscal Court voted to rescind the Host Community Agreement without any legal cause or justification; such that the Pike County Fiscal Court anticipatorily repudiated and materially breached the Host Community Agreement.

77. At the time of the Pike County Fiscal Court's anticipatory repudiation and material breach of the Host Community Agreement, American Land Reserve had timely and fully performed all its obligations and any applicable conditions precedent which were due under the Host Community Agreement.

78. As a direct and proximate result of the Pike County Fiscal Court's anticipatory repudiation and material breach of the Host Community Agreement, Plaintiffs have been damaged in an amount in excess of the jurisdictional minimum requirement of this Court, and Plaintiffs are entitled to recover compensatory, consequential, and incidental damages from the Pike County Defendants in an amount to be determined by the trier of fact, together with pre-judgment and post-judgment interest thereon.

79. The Pike County Fiscal Court's repudiation of the Host Community Agreement had the effect of terminating the Host Community Agreement so as to entitle Plaintiffs to "all damages [they] ha[ve] or may incur through the date of such termination by reason and as a consequence of the [Pike County Fiscal Court's] default, including, but not limited, reasonable attorney's fees, court costs and litigation expenses." *See* Host Community Agreement, § 8.03.

**COUNT VI**
**BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**
**(Pike County Defendants)**

80. All contracts contain an implied covenant of good faith and fair dealing, including, without limitation, the Host Community Agreement.

81. Without limitation, the Pike County Fiscal Court breached its duties of good faith and fair dealing with Plaintiffs by carelessly, negligently, recklessly, and/or willfully repudiating the Host Community Agreement so as to hinder, obstruct, and prevent American Land Reserve from fulfilling the conditions precedent to American Land Reserve's entitlement to the full range of damages available under § 6.04 of the Host Community Agreement.

82. Under Kentucky law, "he who himself prevents the happening or performance of a condition precedent, upon which his liability, by the terms of the contract, is made to depend, can not avail himself of his own wrong," and remains liable "for the whole sum agreed to be paid,

without any abatement whatever." *Jones v. Walker*, 52 Ky. 163, 165–66 (1852).

83. As a direct and proximate result of the Pike County Fiscal Court's breaches of its duties of good faith and fair dealing, Plaintiffs have been damaged in an amount in excess of the jurisdictional minimum requirement of this Court, and Plaintiffs are entitled to recover the full range of Specific Damages set forth in § 6.04 of the Host Community Agreement, including, without limitation, Plaintiffs' lost profits, as to be determined by the trier of fact, together with pre-judgment and post-judgment interest thereon.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

1. For judgment in in favor of Plaintiff, USA Waste and Recycling, Inc. and Plaintiff, American Land Reserve, LLC against Defendant, Pike County and Defendant, Pike County Fiscal Court, jointly and severally, by reason of their errors, omissions, conduct, breaches, failures, actions, and/or inactions set forth in Counts I, II, III, and VI herein, in an amount in excess of the jurisdictional minimum requirement of this Court as to be determined by the trier of fact.

2. For judgment in favor of Plaintiff, USA Waste and Recycling, Inc. and Plaintiff, American Land Reserve, LLC and against Defendant, Pike County, Kentucky and Defendant, Pike County Fiscal Court, finding and declaring that Defendant, Pike County, acting by and through Defendant, Pike County Fiscal Court, impaired the obligations of contracts in violation of Article 1, § 10 of the United States Constitution and § 19 of the Kentucky Constitution when Defendant, Pike County, acting by and through Defendant, Pike County Fiscal Court, purported to rescind the Host Community Agreement and thereby attempted to revoke the Franchise.

3. For injunctive relief, as warranted hereunder.

4. For prejudgment interest and post-judgment interest on all judgment amounts.

5. For Plaintiff, USA Waste and Recycling, Inc. and Plaintiff, American Land Reserve, LLC's attorney's fees and costs.

6. For a trial by jury on all issues so triable.

7. For any and all other relief, both legal and equitable, to which Plaintiff, USA Waste and Recycling, Inc. and Plaintiff, American Land Reserve, LLC are properly entitled.

Respectfully submitted,

/s/ Scott A. Schuette
David J. Guarnieri (KBA #86522)
Mitchel T. Denham (KBA # 899815)
Scott A. Schuette (KBA #98591)
McBRAYER, PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 231-8780
dguarnieri@mcbrayerfirm.com
mdenham@mcbrayerfirm.com
sschuette@mcbrayerfirm.com
*Counsel for Plaintiffs*