**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**Civil Case NO. 6:26-cv-00250-KKC**

**USA WASTE AND RECYCLING, INC.**

**and**

**AMERICAN LAND RESERVE, LLC** **PLAINTIFFS,**

**vs.**

**PIKE COUNTY, KENTUCKY and**

**PIKE COUNTY FISCAL COURT** **DEFENDANTS.**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

---

Come the Defendants Pike County, Kentucky and Pike County Fiscal Court and for their memorandum in support of motion to dismiss states:

## I. INTRODUCTION

Plaintiffs attempt to transform a dispute over a proposed landfill, a proposal process, and a Host Community Agreement into federal takings, due-process, and Contract Clause claims. The Complaint's own allegations show that the Fiscal Court's October 21, 2025 vote accepted USA Waste and Recycling, Inc.'s proposal and authorized the Judge/Executive to negotiate a proposed Host Community Agreement; it did not grant an unconditional right to construct and operate a landfill. The proposed project remained dependent on future governmental action, amendment of the Pike County Solid Waste Management Plan, permitting, and regulatory approvals. R. 1, Compliant ¶ 16 – 28.

The Fiscal Court subsequently voted to rescind the Host Community Agreement on February 24 and March 3, 2026. Plaintiffs characterize that governmental action as a taking, a

denial of due process, an impairment of contract, inverse condemnation, breach of contract, and breach of the implied duty of good faith and fair dealing. *Id*. at ¶ 22-32.

The federal claims should be dismissed because Plaintiffs have not pleaded a vested and constitutionally protected entitlement independent of the disputed proposal and agreement. The Kentucky-law damages claims against Pike County and its Fiscal Court are independently barred by governmental immunity absent an applicable legislative waiver. Once the federal claims are dismissed, the Court should decline supplemental jurisdiction over any remaining Kentucky-law claims.

To the extent immunity or the insubstantial nature of the purported federal controversy deprives the Court of subject-matter jurisdiction, dismissal is mandatory.

## II. STATEMENT OF FACTS

On October 7, 2025, Pike County Fiscal Court voted to issue a request for proposals concerning the potential construction and operation of a privately owned solid-waste landfill. USA submitted a proposal on October 21, 2025, contemplating a new entity, a proposed landfill, a future amendment to the County's Solid Waste Management Plan, and additional governmental and regulatory action. R. 1, Compliant ¶ 13-19**.**

On October 21, 2025, the Fiscal Court voted to accept USA's proposal and authorized the Judge/Executive to negotiate a proposed Host Community Agreement. The Fiscal Court approved that agreement on January 29, 2026, after which it was signed on behalf of the Fiscal Court and American Land Reserve. *Id*. at ¶ 16-19.

The agreement addressed the proposed project, amendment of the Solid Waste Management Plan, regulatory cooperation, and negotiations with rail carriers. On February 24 and

March 3, 2026, the Fiscal Court voted concerning rescission of the agreement. Plaintiffs did not address the Fiscal Court before those votes. *Id*. at ¶ 19-28.

Plaintiffs filed this action in this Court on August 26, 2026. They assert federal claims under 42 U.S.C. § 1983 for an alleged taking and deprivation of property without due process, seek a declaration under federal and Kentucky constitutional provisions, and assert Kentucky-law claims for inverse condemnation and breach of contract.

## III. LEGAL STANDARD

An objection to subject-matter jurisdiction may be raised by a party or by the Court at any stage of the litigation. *Arbaugh v. Y & H Corp*., 546 U.S. 500, 506 (2006). When subject-matter jurisdiction is challenged under Rule 12(b)(1), Plaintiffs bear the burden of establishing jurisdiction, and the Court may resolve factual disputes when necessary to decide that issue. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

A deficient federal claim ordinarily presents a merits question rather than a jurisdictional defect. A federal court nevertheless lacks jurisdiction when the purported federal claim is immaterial, asserted solely to create jurisdiction, or so insubstantial and devoid of merit that it does not present a federal controversy. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-90 (1998). Congress must clearly identify a statutory limitation as jurisdictional before a court treats it as restricting subject-matter jurisdiction. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

If the Court dismisses all claims within its original jurisdiction, it may decline supplemental jurisdiction over the remaining state-law claims. 28 USCS § 1367.

## IV. ARGUMENT

### A. KENTUCKY SOVEREIGN AND / OR GOVERNMENTAL IMMUNITY BARS THE STATE-LAW DAMAGES CLAIMS AGAINST PIKE COUNTY AND ITS FISCAL COURT.

The Kentucky Constitution authorizes the General Assembly to determine the manner and courts in which suits may be brought against the Commonwealth. *Ky. Const. § 231*. Kentucky counties are political subdivisions of the Commonwealth and are protected by sovereign immunity; absent waiver, a county is immune from tort liability. *Edmonson County v. French*, 394 S.W.3d 410, 414 (Ky. Ct. App. 2013); *Doe v. Magoffin Cnty. Fiscal Ct.*, 174 Fed. Appx. 962, 971 (6th Cir. 2006); and *King-Crete Drilling, Inc. v. Whitley Cnty. Fiscal Ct.*, No. 2024-SC-0232-DG, 2026 WL 2511083, at *3 (Ky. Aug. 20, 2026). That immunity also protects the fiscal court and officials sued in their official capacities when the county is the real party against which relief is sought. *French* at 414.

The Complaint names Pike County and Pike County Fiscal Court as the only Defendants and seeks damages jointly and severally against them. Those entities have expressly asserted sovereign immunity, governmental immunity, county immunity, fiscal-court immunity, and jurisdictional immunity as defenses. Accordingly, the Kentucky-law damages claims are claims directly against the immune governmental entities. 81-83

The General Assembly alone may waive Kentucky sovereign immunity, and a governmental entity cannot waive that protection through its own acts or through general language authorizing it to sue and be sued. *University of Louisville v. Martin*, 574 S.W.2d 676, 678 (Ky. Ct. App. 1978). Kentucky sovereign immunity also extends to contract claims unless the General Assembly has provided a valid waiver. *Id.*

The Complaint identifies no legislative waiver applicable to these Defendants and these claims. It instead alleges that the Host Community Agreement itself created enforceable duties and authorized contractual damages. But the alleged agreement cannot, by itself, waive immunity that only the General Assembly may waive. *Id*. at ¶ 72-83.

The Court should therefore dismiss the Kentucky-law damages claims against Pike County and Pike County Fiscal Court on sovereign immunity grounds. This includes, at minimum, Plaintiffs' claims for inverse condemnation, breach of the Host Community Agreement, and breach of the implied duty of good faith and fair dealing to the extent those claims seek relief barred by governmental immunity.

### B. PLAINTIFFS HAVE NOT PLED A CONSTITUTIONALLY PROTECTED ENTITLEMENT TO THE PROPOSED LANDFILL PROJECT OR FUTURE GOVERNMENTAL ACTION.

A procedural due-process claim requires more than an abstract desire or unilateral expectation of a governmental benefit; the plaintiff must possess a legitimate claim of entitlement. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Such an entitlement is not created by the federal Constitution but must arise from independent rules or understandings, such as state law. *Id*. A benefit is not a protected entitlement when governmental officials retain discretion to grant or deny it. *Id*.

The Complaint does not plausibly allege an unconditional entitlement. The October 21, 2025 vote accepted USA's proposal and authorized negotiation of a proposed Host Community Agreement. The contemplated project still required amendment of the Solid Waste Management Plan, permitting, regulatory approvals, land acquisition, development, construction, and compliance with applicable laws. *Id*. at ¶ 16-38.

Plaintiffs characterize amendment of the Solid Waste Management Plan and other governmental cooperation as "ministerial" duties. Defendants deny that characterization and maintain that the challenged actions involved legislative, regulatory, policymaking, or discretionary governmental functions. A state-created entitlement exists only when substantive limitations constrain official discretion; procedures alone do not create the underlying substantive right. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). *Id.* at ¶ 16-19 and 59-67.

The Complaint's allegations establish, at most, a disputed expectation that the Fiscal Court would take future legislative, regulatory, and discretionary action in support of the proposed landfill. They do not establish a vested entitlement to the amendment of a governmental plan, issuance of regulatory approvals, or construction and operation of a landfill. Without a protected entitlement, Plaintiffs' procedural and substantive due-process theories fail.

The takings claim rests on the same alleged property interest. Plaintiffs allege that the proposal process and Host Community Agreement created a twenty-year franchise worth at least $20 million. But the pleaded documents describe authorization to negotiate a proposed agreement and a project contingent on future governmental and regulatory action. Plaintiffs cannot obtain a constitutionally protected entitlement merely by labeling those contingent expectations a vested and irrevocable franchise. Id. at ¶ 16-28 and 32-47.

Count I and Count III should therefore be dismissed. Count IV should also be dismissed to the extent it seeks federal declaratory or injunctive relief based on the same alleged vested entitlement.

### C. <u>The Court Should Distinguish Jurisdictional Grounds From Merits Grounds and Dismiss Under the Proper Rule.</u>

Defendants preserve their objection that the Court lacks subject-matter jurisdiction over any claim barred by jurisdictional immunity or so insubstantial that it does not present a genuine

federal controversy. A jurisdictional objection may be raised at any stage, and dismissal is required whenever the absence of subject-matter jurisdiction appears. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 and 514 (2006).

At the same time, failure to establish a valid federal cause of action ordinarily concerns the merits rather than the Court's adjudicatory power. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). The Court should therefore dismiss under Rule 12(b)(1) any claim over which immunity or another jurisdictional bar deprives it of power to adjudicate, and dismiss the legally deficient federal claims on the merits under Rule 12(c).

This distinction does not preserve Plaintiffs' claims. It identifies the correct disposition: dismissal for lack of jurisdiction where a jurisdictional bar applies, and judgment on the pleadings where Plaintiffs' allegations fail to establish a protected federal right.

### D. After Dismissal of the Federal Claims, the Court Should Decline Supplemental Jurisdiction Over the Remaining Kentucky-Law Claims.

The remaining claims turn on Kentucky governmental immunity, county authority, the legal effect of Fiscal Court votes, the existence and scope of any franchise, the validity of the Host Community Agreement, and the enforceability of alleged promises concerning future governmental action. Plaintiffs' state-law claims therefore present issues separate from the threshold federal questions.

A district court may decline supplemental jurisdiction after dismissing every claim within its original jurisdiction. 28 USCS § 1367. When all federal claims are dismissed before trial, the balance ordinarily favors dismissal of the state-law claims or remand if the action was removed. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

This action remains at the pleading stage. After dismissing the federal claims, the Court should decline supplemental jurisdiction and dismiss any remaining Kentucky-law claims without prejudice.

### E. <u>Defendants' Affirmative Defenses Remain Preserved as Alternative Grounds.</u>

Defendants pleaded governmental immunity, jurisdictional immunity, lack of a protected property interest, lack of an underlying constitutional violation, lack of an enforceable franchise, discretionary governmental action, revocation, rescission, lack of authority, ultra vires action, illegality, and failure to comply with mandatory governmental procedures.

Those defenses are pleaded in the alternative. Defendants' assertion that no enforceable franchise or constitutionally protected property interest arose does not waive their alternative position that any purported authorization was lawfully revoked, rescinded, void, voidable, ultra vires, or unenforceable. Nor does requesting dismissal of the federal claims waive governmental immunity from the remaining Kentucky-law claims.

If the Court does not dismiss the Complaint in full, it should preserve these defenses for later adjudication and limit further proceedings to claims and remedies not barred by governmental immunity or lack of subject-matter jurisdiction.

## V. CONCLUSION AND PRAYER FOR RELIEF

Defendants Pike County, Kentucky, and Pike County Fiscal Court respectfully request that the Court:

1. Dismiss for lack of subject-matter jurisdiction all claims barred by jurisdictional immunity or otherwise outside the Court's adjudicatory authority;

2. Enter judgment on the pleadings dismissing Plaintiffs' federal claims;

3. Dismiss the Kentucky-law damages claims barred by sovereign or governmental immunity;

4. Decline supplemental jurisdiction over any remaining Kentucky-law claims under 28 U.S.C. § 1367(c);

5. Dismiss any remaining Kentucky-law claims without prejudice;

6. Preserve Defendants' pleaded affirmative defenses as alternative grounds if any claim remains; and

7. Grant Defendants all other relief to which they are entitled.

Respectfully submitted,

**PORTER, BANKS, BALDWIN & SHAW, PLLC**
327 Main Street, PO Drawer 1767
Paintsville, Kentucky 41240-1767
Telephone: (606) 789-3747
Facsimile: (606) 789-9862
Email: jshaw@psbb-law.com
Email: aturner@psbb-law.com

*/s/Jonathan C. Shaw*____________
JONATHAN C. SHAW
*Counsel for Defendants, PIKE COUNTY, KENTUCKY and PIKE COUNTY FISCAL COURT*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I further certify that I mailed a true and correct copy of the foregoing to:

David J. Guarnieri (KBA #86522)
Mitchel T. Denham (KBA # 899815)
Scott A. Schuette (KBA #98591)
McBRAYER, PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 231-8780
dguarnieri@mcbrayerfirm.com
mdenham@mcbrayerfirm.com
sschuette@mcbrayerfirm.com
*Counsel for Plaintiffs*

*/s/Jonathan C. Shaw*____________
JONATHAN C. SHAW